IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| COWELLA JOHNSON, | § | |
| --- | --- | --- |
| *Plaintiff,* | § | |
| | § | CIVIL NO. 2:07 CV 498 |
| On behalf of herself and all Others Similarly Situated | § | |
| v. | § | |
| ARMOUR-ECKRICH MEATS, LLC. | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion and Amended Motion to Transfer Venue the Lufkin Division of this District pursuant to 28 U.S.C. § 1404(a) (the "Motions") (##11, 13). After considering the filings of the parties and the applicable law, the court DENIES the Motions for the reasons expressed below.

### I. Factual Background

This action was brought by the plaintiff on November 13, 2007. On January 20, 2008, nine individuals filed notices of consent to become party plaintiffs in this action. The named plaintiff, Cowella Johnson, was formerly employed at the Armour-Eckrich meat processing plant in Lufkin, Texas. She and all others similarly situation filed this action seeking unpaid wages under the Fair Labor Standards Act ("FLSA"). The plaintiff is a resident of Lufkin. The defendant points out that the company records indicate that the nine other plaintiffs in this lawsuit reside in Lufkin. The defendant urges, however, the plaintiffs actually reside throughout the Eastern District of Texas. The

plaintiff filed this suit in the Marshall Division of the Eastern District of Texas, which is approximately 90 miles from Lufkin, Texas.

## II. Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676. The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the

avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676.

    A.    *Convenience Factors*

### 1.  The plaintiffs' choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiffs chose to bring this suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

### 2. The convenience of parties and material witnesses

The court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, the named plaintiff and the defendant are located in the Lufkin Division of the Eastern District of Texas. This portion of the analysis weighs in favor of transfer.

The court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)). The defendant has failed to identify any *key* fact witnesses that will be substantially inconvenienced if the court denies transfer. The defendant has named two witnesses it will call at trial, however, it has not

identified why they would be key, or if they would be inconvenienced if transfer is denied. Therefore this factor is neutral as to transfer.

### 3. The place of the alleged wrong

The incidents giving rise to this action occurred in Lufkin. The court finds that this factor weighs in favor of transfer.

### 4. The cost of obtaining the attendance of witnesses and the availability of compulsory process

The defendant has identified non-party witnesses that it expects to call at trial. As all of the identified non-party witnesses live in Lufkin, only 90 miles away, there is no issue with obtaining witnesses through compulsory process. The court finds, therefore, that this factor is neutral as to transfer..

### 5. The accessibility and location of sources of proof

The court notes that this factor has become less significant in a transfer analysis because of the advances in copying technology and information storage. *Mohamed*, 90 F. Supp. 2d at 778. The employment records that will certainly be needed at trial are located in Lufkin. Because of the short distance from Lufkin to Marshall, transporting the documents from the Lufkin plant to Marshall will not burden the defendant more than transporting them to the Lufkin courthouse. This factor is neutral as to transfer.

### 6. The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and

convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)). The court is unaware of any possibility of delay or prejudice if the case is transferred. This factor is neutral.

  B. *Public Interest Factors*

    1. The administrative difficulties caused by court congestion

The court is not aware of any administrative difficulties flowing from the Lufkin Division, but not the Marshall Division. Therefore, this factor is neutral.

    2. The local interest in adjudicating local disputes

While the named plaintiff lives in Lufkin, other plaintiffs live throughout the Eastern District. This factor weighs against transfer.

    3. The unfairness of burdening citizens in an unrelated forum with jury duty

While the named plaintiff lives in Lufkin, other plaintiffs live throughout the Eastern District. Marshall is not an unrelated forum for this case. This factor weighs against transfer.

    4. The avoidance of unnecessary problems in conflict of laws

The court finds that this factor is inapplicable in this transfer analysis.

**III.** **Conclusion**

 Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Lufkin Division is not warranted. The court finds that the competing factors do not justify a transfer. The court DENIES Defendant's Motion to Transfer Venue.

SIGNED this 9th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE